```
         IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                   HARRISON DIVISION

RANDALL E. DODSON                                   PLAINTIFF

         v.            Civil No. 07-3051

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                      DEFENDANT
```

### O R D E R

Now on this 4th day of February, 2009, come on for consideration the **Magistrate Judge's Report And Recommendation** (document #9); plaintiff's **Motion To Remand Based Upon New And Material Evidence** (document #11); and plaintiff's **Objections To Magistrate Judge's Report And Recommendation** (document #12), and the Court, having carefully considered the foregoing, finds and orders as follows:

1. Plaintiff appeals the denial of his claim for a period of disability, disability insurance benefits, and supplemental security income, from an onset date of July 5, 2004, for problems associated with a fracture of his left fibula and tibia[1], as well

---

[1] The two long bones of the lower leg, articulating with the ankle.

as severe saphenous[2] dysesthesias[3], high blood pressure, borderline intellectual functioning[4], anxiety, and depression.

The Magistrate Judge, upon consideration of the administrative record, reported that there was substantial evidence to support the denial of benefits, and recommended that the ALJ's decision be affirmed.  Plaintiff objects, and moves for remand pursuant to sentence six of **42 U.S.C. §405(g)**.

2.   Plaintiff's Objections and Motion To Remand basically assert that after the administrative record was closed, he finally received a diagnosis of the problem in his left ankle: reflex sympathetic dystrophy.  He contends that this evidence could not have been presented earlier because the condition had not been diagnosed.  He also contends that -- to the extent he did not follow prescribed treatment regimens or seek further treatment -- his failure to do so is explained by his financial inability to do so, and argues that this failure should not affect his credibility.

3.   Defendant objects to the receipt of new evidence and to remand, pointing out that new evidence may be taken only under

---

[2] "Relating to or associated with a saphenous vein; denoting a number of structures in the leg."  Stedman's Medical Dictionary, 28th Edition.

[3] "1. Impairment of sensation short of anesthesia.  2. A condition in which a disagreeable sensation is produced by ordinary stimuli; caused by lesions of the sensory pathways, peripheral or central.  3. Abnormal sensations experienced in the absence of stimulation."  Stedman's Medical Dictionary, 28th Edition.

[4] According to the Diagnostic And Statistical Manual Of Mental Disorders, Fourth Edition, borderline intellectual functioning is the category of an IQ in the 71-84 range, just above the category of mental retardation which is an IQ of 70 or below.

certain circumstances.  This is, in fact, the law.

> The district court may remand a case to have additional evidence taken but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.  To be considered material, the new evidence must be non-cumulative, relevant, and probative of the claimant's condition for the time period for which benefits were denied.  Good cause does not exist when the claimant had the opportunity to obtain the new evidence before the administrative record closed but failed to do so without providing a sufficient explanation.

**Hepp v. Astrue, 511 F.3d 798, 808 (8th Cir. 2008)**(internal quotation marks and citations omitted).

Defendant contends the new evidence is not material, because it "does not relate to Plaintiff's condition as it existed during the time period for which benefits were denied."

4.  The Court finds that the evidence plaintiff seeks to add to the record is related to the physical condition for which he sought disability, and is material.  The diagnosis of reflex sympathetic dystrophy appears to be a diagnosis for the pain syndrome plaintiff has in his left ankle and lower leg.  "Reflex sympathetic dystrophy" is synonymous with "complex regional pain syndrome," which is defined in **Stedman's Medical Dictionary, 28th Edition**, as "diffuse persistent pain usually in an extremity often associated with vasomotor disturbances, trophic changes, and limitation or immobility of joints; frequently follows some local injury."

In addition, plaintiff offers a reasonable explanation for

-3-

why he did not submit the medical records of this diagnosis sooner: he had not been diagnosed.  This is not a case where plaintiff simply did a poor job of collecting and submitting existing medical records.

For these reasons, the Court finds that the new evidence merits remand.

5.   The Court also finds that, upon remand, the ALJ should reconsider the impact on plaintiff's ability to work that results from his combination of impairments.  It is uncontested that plaintiff suffers significant pain, anxiety, depression and insomnia; that when he can afford to do so, he takes various medications to treat these conditions; that he has borderline intellectual functioning; and that he has moderate limitations on various mental capacities required in the work place, such as making judgments on simple work-related decisions and interacting appropriately with co-workers and supervisors.  While plaintiff was able to work before his injury in spite of his mental limitations, the combined impact of pain and medication on his overall ability to work must be carefully considered in light of his condition after the onset date.

In conducting this reconsideration, the ALJ is reminded that plaintiff's ability to groom himself; watch television; read for half an hour; visit friends; drive a car; fix sandwiches; and attend church are not necessarily realistic evidence of his

ability to hold down a job.  Other than driving, none of these activities requires more than the most minimal and fleeting concentration or effort -- and often driving does not receive much more.  Where the burden shifts to the Commissioner to show that jobs exist in significant numbers, as it did in this case, "[t]he evidence must show the claimant has 'the ability to perform the requisite physical acts day in and day out, in the sometimes competitive and stressful conditions in which real people work in the real world'."  **Coleman v. Astrue, 498 F.3d 767, 770 (8th Cir. 2007).**  The issue is whether plaintiff can sustain effort and concentration sufficiently to work for eight hours a day, five days a week, not just sufficiently to entertain himself for half an hour here and there.  *Cf.* **Baumgarten v. Chater, 75 F.3d 366, 369 (8th Cir. 1996)**(ability to do activities such as light housework and visiting friends provides little or no support for finding of ability to perform full-time competitive work).

**IT IS THEREFORE ORDERED** that the **Magistrate Judge's Report And Recommendation** (document #9) is **not adopted.**

**IT IS FURTHER ORDERED** that plaintiff's **Objections To Magistrate Judge's Report And Recommendation** (document #12) are **sustained.**

**IT IS FURTHER ORDERED** that plaintiff's **Motion To Remand Based Upon New And Material Evidence** (document #11) is **granted,** and this

matter is remanded to the Commissioner of Social Security for further consideration pursuant to sentence six of **42 U.S.C. §405(g)** and the directives contained in this Order.

 **IT IS SO ORDERED.**

           <u>/s/ Jimm Larry Hendren</u>
           **JIMM LARRY HENDREN**
           **UNITED STATES DISTRICT JUDGE**